John Stankowski, Petitioner *v.* Workmen's Compensation Appeal Board and Fisher Body Division, GMC, Respondents.

434

Submitted on briefs, March 10, 1977, to Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Anthony J. Seneca,* for appellant.

*Warren S. Reding,* with him *Reding & Rea,* for appellee.

OPINION BY JUDGE BLATT, March 28, 1977:

John Stankowski appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of his claim for occupational disease benefits for loss of hearing pursuant to The Pennsylvania Occupational Disease Act[1] (Act).

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

The only issue on appeal is whether or not the Board erred in affirming the referee's conclusion that Stankowski's petition, filed June 4, 1974, was barred by Section 315 of the Act, 77 P.S. §1415. This section bars claims for compensation unless brought "within sixteen months after compensable disability begins," and as interpreted by our Supreme Court, this sixteen-month period "runs from the date when the compensable disability, due to the occupational disease, begins and that date is necessarily a variable one depending upon when the pertinent medical diagnosis is competently established *to the knowledge* of the claimant." *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 182, 125 A.2d 365, 367 (1956) (emphasis in original).

The referee did not make a finding with respect to a *specific* date on which compensable disability began, but he did include the following statement as his fifth "finding of fact":

> After a careful study and review of the allegations made in the claim petition and the testimony of the claimant, your Referee grants the defendant's motion for dismissal in reference to the claim petition being untimely filed and accordingly dismisses said petition for the reason that it was not filed within sixteen (16) months of the date of disability.

Our own examination of the record reveals that there are several possible dates mentioned, any one of which the referee might have determined to be the date on which Stankowski first had knowledge of his disability. One is the date on which, according to his testimony, Stankowski was placed on sick leave by his employer, December 23, 1971. He said that the plant physician that day "felt that I was no longer capable of performing my duties due to the fact that I couldn't hear." Another might have been December 29, 1972

when he was placed on a disability pension after having been on sick leave for one year. A third might have been November 30, 1972 when, as he asserts on his claim petition, he became disabled. He also stated that he found out from his doctor that he was totally and permanently disabled in either August or November of 1972. If, however, the referee had selected *any* of these dates as the date on which compensable disability began, Stankowski's petition of June 4, 1974 would be untimely, for more than sixteen months from the *latest* of these dates had expired before the petition was filed.

Stankowski has argued that the Board erred in failing to permit his physician to testify regarding the date on which he, the claimant, had knowledge of his disability. While it is true that the referee did curtail the presentation of the claimant's witnesses pending disposition of the employer's motion to dismiss for untimeliness, the referee's decision to dismiss the petition was based solely on Stankowski's own testimony as to the several dates on which he might have first learned of his disability. Moreover, because the employer had not been permitted to present any evidence at all prior to the referee's decision, we cannot accept Stankowski's further contention that he was denied an opportunity to present "rebuttal" evidence.

We believe that Stankowski's own evidence is sufficient to support the referee's conclusion, as affirmed by the Board, that the petition was filed more than sixteen months after disability began. We will, therefore, affirm the decision of the Board that the claim petition here was barred by Section 315 of the Act.

ORDER

AND Now, this 28th day of March, 1977, the order of the Workmen's Compensation Appeal Board is hereby affirmed.